The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on April 18, 2018, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: April 18, 2018**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: | Case No. 17-10905 |
| NYESHA D. HARTSON & CHARLES J. WILLIAMS, Debtors. | Chapter 7 |
| RICHARD A. BAUMGART, CHAPTER 7 TRUSTEE, Plaintiff, | Adversary Proceeding No. 17-1080 |
| | Judge Arthur I. Harris |
| v. | |
| NYESHA D. HARTSON & CHARLES J. WILLIAMS, Defendants. | |

## MEMORANDUM OF OPINION[1]

On June 29, 2017, the Chapter 7 trustee filed this adversary proceeding alleging that the debtors, Nyesha D. Hartson and Charles J. Williams, failed to

---

[1] This Opinion is not intended for official publication.

produce certain documents and appear at a 2004 examination ordered by the Court and seeking denial of the debtors' discharge pursuant to 11 U.S.C. § 727(a)(6)(A). This matter is currently before the Court on the trustee's motion for judgment as a matter of law. For the reasons that follow, the Court grants the trustee's motion for judgment on the pleadings.

## JURISDICTION

The Court has jurisdiction over this matter. A claim for denial of discharge pursuant to 11 U.S.C. § 727(a)(6)(A) is a core proceeding under 28 U.S.C. §§ 157(b)(2)(J) and 1334 and Local General Order No. 2012-7, entered by the United States District Court for the Northern District of Ohio.

## FACTUAL AND PROCEDURAL HISTORY

Unless otherwise indicated, the following facts are undisputed. On February 23, 2017, the debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On May 23, 2017, the trustee filed a motion for a 2004 examination (Docket No. 21), and the Court granted the motion on May 24, 2017 (Docket No. 22). The Court ordered the debtors to appear for the examination and to produce copies of Mrs. Hartson's 2016 state income tax return, titles to all scheduled vehicles, a copy of the unscheduled life insurance policy, and a print out of all activity for the unscheduled NetSpend account for the period of January 1, 2017, through June 12, 2017 (Docket No. 22). The 2004 examination

was scheduled for June 12, 2017 (Docket No. 22). The debtors did not appear on June 12, 2017, and the debtors did not produce the ordered documents. *See* Adv. Pro. 17-1080, Docket No. 18 (admitting that they did not produce the documents.).

On June 29, 2017, the trustee filed this adversary proceeding to deny the debtors' discharge under 11 U.S.C. § 727(a)(6)(A) for refusal to obey a lawful order of this Court.

On October 3, 2017, the debtors filed an amended answer (Adv. Pro. 17-1080, Docket No. 18). The debtors' amended answer admitted to seven of the trustee's eight allegations. The debtors did not address the trustee's final allegation that "The foregoing is grounds for denial of the debtor(s) discharge pursuant to the provision of §727(a)(6)(A) of the Bankruptcy Code." Adv. Pro. 17-1080, Docket No. 1. The debtors did add that the "debtors may have had a good faith belief that the 2004 examination was going to be changed to a later date." Adv. Pro. 17-1080, Docket No. 18. However, the debtors also admitted that "the documents were not produced." *Id*.

On February 26, 2018, the trustee filed a motion for judgment on the pleadings (Adv. Pro. 17-1080, Docket No. 26) and a supporting brief (Adv. Pro. 17-1080, Docket No. 27). In the motion, the trustee asserted that the debtors admitted sufficient facts to grant the trustee judgment on the pleadings

pursuant to Federal Rule of Civil Procedure 12(c), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012(b). The debtors did not respond to the motion.

## JUDGMENT ON THE PLEADINGS STANDARD

Federal Rule of Civil Procedure 12(c) states, "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. Pro. 12(c). A motion for judgment on the pleadings is reviewed under the same standard used to review a Rule 12(b)(6) motion to dismiss. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (*citing Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001)).

A court should grant judgment on the pleadings "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (*quoting Paskvan v. Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Johnson v. Bredesen*, 624 F.3d 742, 746 (6th Cir. 2010) (*quoting Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008)).

4

DISCUSSION

The trustee seeks to have the Court deny the debtors discharge under Section 727(a)(6)(A). Section 727 provides in pertinent part:

> (a) The court shall grant the debtor a discharge, unless—
> . . .
> (6) the debtor has refused, in the case—
> (A) to obey any lawful order of the court, other than an order to respond to a material question or to testify. . .

11 U.S.C. § 727(a)(6)(A).

Courts are split regarding what level of intent must be demonstrated under Section 727(a)(6). *See In re Gentry*, 275 B.R. 747, 754 (Bankr. W.D. Va. 2001). Some courts have found that the word "refused" means that there must be a showing that the debtor willfully and intentionally refused to obey the court's order. *See Smith v. Jordan (In re Jordan)*, 521 F.3d 430, 434 (4th Cir. 2008); *Concannon v. Constantini (In re Constantini)*, 201 B.R. 312, 316 (Bankr. M.D. Fla. 1996); *Wilmington Trust Co. v. Jarrell (In re Jarrell)*, 129 B.R. 29, 33 (Bankr. D. Del. 1991). Other courts have found that Section 727(a)(6) is similar to a charge of civil contempt, thus negating the intent requirement. *See Hazlett v. Gorshe (In re Gorshe)*, 269 B.R. 744, 746 (Bankr. S.D. Ohio 2001); *Hunter v. Watson (In re Watson)*, 247 B.R. 434, 436 (Bankr. N.D. Ohio 2000).

This Court agrees with the courts that have found Section 727(a)(6) to be similar to a charge of civil contempt. As other courts have noted, if Congress had intended to include a willfulness or intentional standard in Section 727(a)(6), Congress could have done so, as it did in Section 727(a)(2). *See Hunter v. Magack (In re Magack)*, 247 B.R. 406, 410 (Bankr. N.D. Ohio 1999).

The Sixth Circuit has held that in order for a party to be held liable for civil contempt the moving party must establish that: "(1) the alleged contemnor had knowledge of the order which he is said to have violated; (2) the alleged contemnor did in fact violate the order; and (3) the order violated must have been specific and definite." *Watson*, 247 B.R. at 436 (*citing Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998)).

First, the trustee has established that the debtors had knowledge of the Court's order to produce the documents and appear for the 2004 examination. Second, the debtors did not produce the documents and did not appear, thus violating the order. Finally, the order was specific and definite. *See* Docket No. 22.

Once the moving party establishes these three elements, the debtors have "an obligation to explain [their] non-compliance." *Jordan*, 521 F.3d at 434 (*quoting Missouri ex rel. Nixon v. Foster (In re Foster)*, 335 B.R. 716 (Bankr. W.D. Mo. 2006)). Impossibility or inability to comply with the order are valid defenses to an

6

action to deny discharge under Section 727(a)(6)(A). *See Magack*, 247 B.R. at 410. The debtors may not merely assert a present inability to comply, but must instead "introduce supportive evidence showing that all reasonable efforts to comply have been undertaken." *Magack*, 247 B.R. at 410-11.

The debtors' assertion that they "had a good faith belief that the 2004 examination was going to be changed to a later date" is not a valid defense to their continued failure to produce the requested documents. The debtors have not alleged any facts to establish that "all reasonable efforts to comply" were undertaken. Accordingly, there is no material issue of fact, and judgment in favor of the trustee and denial of the debtors' discharge under Section 727(a)(6)(A) is warranted as a matter of law.

## CONCLUSION

For the reasons stated above, the Court grants the trustee's motion for judgment on the pleadings and denies the debtors' discharge pursuant to 11 U.S.C. § 727(a)(6)(A).